UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES,<br><br>v.<br><br>DONISHA BUTLER and<br>TERRANCE WILSON, | No. 1:25-cr-0256 (ZMF) |

# ORDER

This case is a prime example of recent *unprecedented* prosecutorial action. Zooming out:

> "For the last several weeks, judges in this District have seen case after case involving unprecedented prosecutorial action. In some cases, prosecutors have elected to pursue charges even after federal grand juries have refused to return an indictment. *See, e.g.*, Order at 1, *United States v. Stewart*, No. 25-mj-225, ECF No. 12 (D.D.C. Sept. 29, 2025); *United States v. Jones*, No. 25-mj-148 (D.D.C.); *United States v. Dunn*, No. 25-cr-252 (D.D.C.); *United States v. Wilson*, No. 25-mj-190 (D.D.C.); *United States v. Bryant*, No. 25-mj-173 (D.D.C.). In others, the Government has been charging cases notwithstanding apparent constitutional violations. *See, e.g.*, Order at 1 n.1, *Stewart*, No. 25-mj-225, ECF No. 12 (citing *United States v. Torez Riley*, No. 25-mj-154 (D.D.C.); and then citing *United States v. Thompson*, No. 25-cr-71 (D.D.C.)). Most troubling, prosecutors have rushed to charge cases before properly investigating them, resulting in individuals being detained for days only to have the Government voluntarily dismiss the charges against them at early hearings. *See, e.g., United States v. Pichon* No. 25-mj-167 (D.D.C.); *United States v. Nguyen*, No. 25-mj-170 (D.D.C.); *see also* Order at 2, *United States v. Dana*, No. 25-mj-152, ECF No. 16 (D.D.C. Sept. 4, 2025) (noting "an unprecedented number of cases that the U.S. Attorney dismissed in the past ten days, all of whom were detained for some period of time"). Prosecutors have also seemingly disregarded the requirement in Rule 5 of the Federal Rules of Criminal Procedure that the Government bring a defendant

> before a Magistrate Judge without unnecessary delay. As a result, individuals have been detained for days despite the Government having no reason to detain them and in fact not seeking to detain them when it finally brought them to court. *See, e.g., United States v. Cooper*, No. 25- mj-163-2, 2025 WL 2496013, at *1 (D.D.C. Aug. 27, 2025); *United States v. Rios-Esquivel*, No. 25-mj-162, 2025 WL 2451152, at *1 (D.D.C. Aug. 26, 2025). And just this week, prosecutors attempted to return a grand jury indictment from the Superior Court of the District of Columbia in this court after a federal grand jury refused to return an indictment. See Order at 1–2, *Stewart*, No. 25-mj-225, ECF No. 12.

*United States v. Beidleman*, No. 25-cr-270, 2025 WL 2803850, at *1 (D.D.C. Oct. 1, 2025).

Zooming back in to this case: on August 19, 2025, law enforcement arrested and detained Mr. Wilson and Ms. Butler based on their own probable cause determination. On August 21, 2025, the government filed a complaint charging both Mr. Wilson and Ms. Butler with *felony* offenses. Complaint, ECF No. 1 at 1.

Indeed, Mr. Wilson and Ms. Butler did not see a judge until the afternoon the fourth day after their arrest and detention. On August 22, 2025, Mr. Wilson and Ms. Butler appeared before the court for their initial appearance. *See* Docket, Minute Entry from August 22, 2025. The government agreed to their release on conditions. *Id.*

On August 22, 2025, Mr. Wilson and Ms. Butler moved to dismiss the charges in this case. On August 29, 2025, Mr. Wilson and Ms. Butler appeared before the Court. The government moved to dismiss the felony charges—only a week after bringing them—and then recharged the Mr. Wilson and Ms. Butler with misdemeanor violations of the same statute. *See* Information, ECF No. 11. In response, Mr. Wilson and Ms. Butler requested a speedy trial and moved to dismiss the new charges in the case. The Court set a trial date and briefing schedule on the motion to dismiss.

On September 18, 2025, the government filed a second motion to dismiss. This time, the government was recharging "Defendant Wilson in Superior Court" and "decided not to proceed

with any prosecution of [Ms.] Butler." Gov't Mot. to Dismiss, ECF No. 22. Confusingly, the government moved to dismiss *without* prejudice. Apparently, the government hoped to keep the door open to re-charge a third time.

In response, Mr. Wilson filed a motion to dismiss *with* Prejudice. *See* Def. Mot. to Dismiss, ECF No. 23. The government indicated that they objected to this request and would file their objection by October 2, 2025. Like a glitch in The Matrix, it was déjà vu: on October 2, 2025, the government filed a motion to dismiss for the third time, but this time *with* prejudice. *See* Gov't Mot. to Dismiss with Prejudice, ECF No. 26. The winding path it took to get here makes this no happy ending.

The term unprecedented is casually bandied about. But as Judge Sooknanan identified, these recent weeks literally have been "unprecedented." To contextualize how unprecedented things have been, the undersigned had the clerk's office run the numbers. Specifically, the Court pulled every motion to dismiss filed by the government in cases charged by complaint for 10 years. The results speak for themselves. Of the over 4,000 cases charged by complaint between 2014 and 2024, the government moved to dismiss less than 20 defendant's cases. In the last eight weeks, the government has charged 95 cases by criminal complaint. And in that time, the government has moved to dismiss 20 defendant's cases. *See* Exhibit A. These number further corroborate Judge Sooknanan's concern that "prosecutors have rushed to charge cases before properly investigating them, resulting in individuals being detained for days only to have the Government voluntarily dismiss the charges against them at early hearings." *Beidleman*, 2025 WL 2803850, at *1. The Court again reminds the government that "the justice manual states that the U.S. Attorney should only commence prosecution if she believes 'that the admissible evidence will probably be sufficient to obtain and sustain a conviction. . . . [This] sets forth the longstanding threshold

requirement from the *Principles of Federal Prosecution* that a prosecutor may commence or recommend federal prosecution only if he/she believes that the person will *more likely than not* be found guilty *beyond a reasonable doubt* by an unbiased trier of fact and that the conviction will be upheld on appeal.'" *United States v. Dana*, No. 25-mj-0152, 2025 WL 2803620, at *1 (D.D.C. Sept. 4, 2025) (quoting U.S. Dep't of Just., Just. Manual § 9-27.220 (available at https://www.justice.gov/jm/jm-9-27000-principles-federal-prosecution#9-27.220).

Arresting, charging, dismissing, re-charging, dismissing again, recharging again in another court, and dismissing again: this roller coaster is anything but normal. And the consequences of which will haunt Mr. Wilson and Ms. Butler. They were detained for days, strip searched multiple times, have arrests on their records, and Mr. Wilson is still subject to charges in Superior Court.

The interests of justice require at a minimum that the Court GRANTS the Motions to Dismiss with Prejudice.

Date: October 3, 2025

_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE

# **EXHIBIT A**

|  | Defendant | Case Number | Gov't Charges Filed | Gov't MTD Filed |
|---|---|---|---|---|
| 1 | Alvin Summers | 25-mj-144 | 8/16/2025 | 8/28/2025 |
| 2 | Rashad Allen | 25-mj-145 | 8/18/2025 | 9/18/2025 |
| 3 | Christian Carias Torres | 25-mj-146 | 8/18/2025 | 9/5/2025 |
| 4 | Nathalie Jones | 25-mj-148 | 8/18/2025 | 9/5/2025 |
| 5 | Edward Dana | 25-mj-152 | 8/19/2025 | 9/4/2025 |
| 6 | Torez Riley | 25-mj-154 | 8/20/2025 | 8/25/2025 |
| 7 | Donisha Butler | 25-cr-256 | 8/21/2025 | 9/18/2025 |
| 8 | Terrance Wilson | 25-cr-256 | 8/21/2025 | 9/18/2025 |
| 9 | Simeon Fontaine | 25-mj-156 | 8/21/2025 | 8/28/2025 |
| 10 | Kristal Rios Esquivel | 25-mj-162 | 8/22/2025 | 9/18/2025 |
| 11 | Scott Pichon | 25-mj-167 | 8/23/2025 | 9/8/2025 |
| 12 | Paul Nguyen | 25-mj-170 | 8/24/2025 | 9/15/2025 |
| 13 | Khadeejah Jeffery | 25-mj-177 | 8/27/2025 | 9/18/2025 |
| 14 | Carlton Jonson | 25-mj-177 | 8/27/2025 | 9/18/2025 |
| 15 | Jose Lagunas | 25-mj-178 | 8/27/2025 | 9/18/2025 |
| 16 | Renita McIntyre | 25-mj-185 | 8/27/2025 | 9/15/2025 |
| 17 | Collette Meath | 25-mj-180 | 8/27/2025 | 9/16/2025 |
| 18 | Vincent Tyree | 25-mj-195 | 8/31/2025 | 9/10/2025 |
| 19 | Jamar Byrd | 25-mj-208 | 9/6/2025 | 9/18/2025 |
| 20 | Paul Anthony Bryant | 25-cr-274 | 8/26/2025 | 9/25/2025 |